George BLAIR, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 01–2149.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2002.

Before NORRIS and GILMAN, Circuit Judges; and MCKEAGUE, District Judge.*

## ORDER

George Blair, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

Following a bench trial in 1998, Blair was found guilty of five counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 240 months of imprisonment on counts 1 and 5, and to 262 months of imprisonment on counts 2, 3, and 4. On appeal, a panel of this court affirmed Blair's convictions and sentences. *United States v. Blair,* 214 F.3d 690 (6th Cir.2000).

Blair filed a § 2255 motion, asserting several grounds for relief. Upon review, the district court denied Blair's § 2255 motion as without merit. Thereafter, Blair filed a motion for reconsideration, arguing that his convictions were invalid because his indictment improperly charged him with five counts of possession with intent to distribute controlled substances even though the indictment was based on five different caches of narcotics found in the same house on the same day. The district court concluded that the indictment might have been multiplicitous, but it denied the motion for reconsideration because Blair had not challenged the indictment prior to trial and because he had not asserted the claim on direct appeal. Nonetheless, the court granted him a certificate of appealability as to the following issue: whether Blair is entitled to relief under § 2255 based on his claim that the government improperly charged him with five separate counts of possession based upon five separate caches of controlled substances found in the same house during the search.

On appeal, Blair reasserts his claim that his indictment was multiplicitous. He also argues that the claim was not waived because counsel challenged the "form of the indictment" during the trial. Blair has

filed a motion for the appointment of counsel.

Upon review, we conclude that the district court properly denied Blair's § 2255 motion. *See Murr v. United States*, 200 F.3d 895, 900 (6th Cir.2000); *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir.1996). The district court properly determined that Blair is not entitled to § 2255 relief. Under Rule 12(b) of the Federal Rules of Criminal Procedure, any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion, and defenses and objections based on defects in the indictment must be raised prior to trial. *United States v. Obiukwu*, 17 F.3d 816, 819 (6th Cir.1994). Pursuant to Rule 12(f) of the Federal Rules of Criminal Procedure, failure to raise defenses or objections which must be made prior to trial shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver. *Id.* This court strictly applies Rule 12(b), and has repeatedly held that failure to raise 12(b) motions in a timely fashion precludes appellate review. *United States v. Oldfield*, 859 F.2d 392, 396 (6th Cir.1988). Blair noted that counsel had challenged the form of the indictment during his opening statements at the bench trial. However, because Blair failed to raise his challenge to the indictment in a pretrial motion to dismiss, he has waived that argument for purposes of appeal.

Accordingly, we deny the motion for the appointment of counsel and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.